IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHILLIP BUSCH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-2261-L |
| | § | |
| BASIC ORGANICS, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court are Motion to Dismiss by Defendants General Nutrition Corporation, Basic Organics, Inc. and David Hawk, filed December 14, 2006; Defendant The Vitamin Shoppe's Motion to Dismiss Plaintiff's Original Complaint and Brief in Support, filed December 15, 2006; Plaintiff's Motion to Remand, filed December 18, 2006; and Defendant General Nutrition Corporation's Motion for Sanctions and Brief in Support, filed January 12, 2007.   After careful consideration of the motions, responses, replies, record, and applicable law, the court **grants** the Motion to Dismiss by Defendants General Nutrition Corporation, Basic Organics, Inc. and David Hawk; **grants** Defendant The Vitamin Shoppe's Motion to Dismiss Plaintiff's Original Complaint; **denies** Plaintiff's Motion to Remand; and **denies in part** and **grants in part** Defendant General Nutrition Corporation's Motion for Sanctions.

## I.      Factual and Procedural Background

### A.      *Busch I*

Plaintiff Phillip Busch ("Plaintiff" or "Busch") is a professional bodybuilder who resides in Addison, Dallas County, Texas.  On September 20, 2005 in Texas state court, Plaintiff filed suit against General Nutrition Corporation ("GNC"), Basic Organics, Inc. ("Basic Organics"), David Hawk ("Hawk"), The Christian Broadcasting Network Inc. ("CBN") and Pat Robertson ("Robertson"), who removed this action to federal court.  *See Phillip Busch v. M.G. "Pat" Robertson, et al.*, Civil Action No. 3:05-CV-2043-L, United States District Court, Northern District of Texas (Lindsay, J.) ("*Busch I*").  *Busch I* arose out of Plaintiff's appearance on *The 700 Club* in July 2005.  Prior to Plaintiff's appearance on *The 700 Club*, "Pat's Great Tasting Diet Shake," a diet shake based on a recipe developed by Robertson, was offered to viewers of *The 700 Club*.   After viewers were invited to send in "before" and "after" pictures as part of a related "Weight Loss Challenge," Plaintiff mailed "before" and "after" pictures of himself showing substantial weight loss.  Plaintiff then contacted CBN, seeking to appear on *The 700 Club*.   Before appearing on the show, Busch signed a release and authorization form permitting the use of his photographs, name and likeness.  He appeared on *The 700 Club*, filmed at studios in Virginia Beach in July 2005.  On the segment, he was interviewed about his weight loss and, among other things, he mentioned "Pat's Shake."  Thereafter, he sought to enter into an endorsement deal with CBN.  CBN declined to enter into the endorsement deal.

Plaintiff alleged that CBN and Robertson misappropriated his personal image by engaging in allegedly unauthorized use of his "before" and "after" photographs in the commercial promotion and marketing of "Pat's Great Tasting Diet Shake." He alleged that his consent was limited to

display of his photographs solely to inspire viewers of *The 700 Club* to lose weight, but that Defendants exceeded the scope of consent to promote a diet shake.  Plaintiff also sued GNC, Basic Organics and Hawk, alleging fraud, civil conspiracy, misappropriation of image and unjust enrichment.  Plaintiff sought compensatory and punitive damages for Defendants' allegedly unauthorized use of his photographs for their commercial gain.

In February 2006, after a settlement was reached as to all Plaintiff's claims against GNC, Basic Organics and Hawk, the court dismissed with prejudice Plaintiff's claims against them.  The court transferred the remaining claims against CBN and Robertson to the United States District Court for Eastern District of Virginia where a parallel action was proceeding, after determining that the Virginia litigation and *Busch I* involved overlapping issues, similar subject matter, closely related questions, and identical parties.  *See The Christian Broadcasting Network Inc. and M.G. "Pat" Robertson v. Phillip Busch*, Civil Action No. 2:05-CV-558 (E.D. Va.) (the "Virginia Action").

**B.**     ***Busch II***

Plaintiff  filed this action on November 14, 2006 in the 192nd Judicial District Court, Dallas County, Texas,  once again alleging that GNC, Basic Organics and Hawk misappropriated his image, engaged in fraud and civil conspiracy and were unjustly enriched in connection with use of his "before" and "after" photographs in the commercial promotion and marketing of "Pat's Great Tasting Diet Shake" and in connection with his appearance on *The 700 Club*.  He has also sued The Vitamin Shoppe, the alleged retailer of "Pat's Great Tasting Diet Shake," asserting the same causes of action.

Defendants removed the action to federal court on December 8, 2006 based on diversity of citizenship and because the amount in controversy exceeded $75,000. Defendants GNC, Basic Organics and Hawk have moved to dismiss, arguing, among other things, that Plaintiff's claims against them should be dismissed because this dispute has already been resolved by a settlement among the parties in *Busch I*, which resulted in this court dismissing with prejudice Busch's claims against them. Defendant The Vitamin Shoppe has moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and 9(b). Plaintiff has filed a motion to remand this case to state court. On December 18, 2006, this case was reassigned from the Honorable David C. Godbey to this court. Defendant GNC thereafter filed a motion for sanctions. The court will address Plaintiff's Motion to Remand before turning to Defendants' respective motions.

## II.    Analysis

### A.    Plaintiff's Motion to Remand

Plaintiff has filed a motion to remand this case to state court. In support, he contends that the parties are not diverse and Defendants have failed to prove the amount in controversy exceeds $75,000. In opposition, Defendants GNC, Basic Organics and Hawk argue that complete diversity exists and the amount in controversy exceeds $75,000.

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and involves complete diversity of citizenship. 28 U.S.C. §§ 1331, 1332. In federal court, the burden of establishing subject matter jurisdiction rests

on the party seeking to invoke it. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.), *cert. denied*, 516 U.S. 865 (1995). For diversity purposes, the amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. *Greenberg*, 134 F.3d at 1253; *De Aguilar*, 47 F.3d at 1408. In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1412. "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (original emphasis). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnotes omitted). If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court.

As set forth in the Notice of Removal (and as acknowledged in Plaintiff's state court petition), Defendant GNC is a citizen of Pennsylvania, Basic Organics is a citizen of Ohio, The Vitamin Shoppe is a citizen of New York and New Jersey, and Defendant Hawk resides in

Pennsylvania. Notice of Removal ¶¶ 4-7.  Plaintiff is a resident of Texas.  *Id.* ¶ 3.  Accordingly, the court readily determines that complete diversity is present.

As to the amount in controversy, it is "facially apparent" from Plaintiff's original petition that the amount in controversy exceeds the jurisdictional minimum.  To reiterate, Plaintiff contends that Defendant(s) and third parties (Robertson and CBN) misappropriated his image in relation to Pat's Diet Shake and his appearance on *The 700 Club*, and were unjustly enriched.  He also alleges fraud and civil conspiracy and seeks compensatory and punitive damages.  Although he does not set forth a specific amount in damages he is seeking in his lawsuit, he estimates the profits he believes Defendants made through misappropriating his image.  According to Plaintiff's original petition, Pat's Diet Shake costs $21.99 a can and "1.5 million people from [the] weight loss challenge . . . [were] converted into paying customers[.]" He also alleges that Pat's Diet Shake was distributed to thousands of stores and the product was promoted over the internet and in magazines.   He alleges, "You do the math . . . ." and "you have a lot of money . . . and guess what[,] it's all profit[.]" Orig. Pet'n at 14-15.  Plaintiff also seeks punitive damages.  Based on these allegations, it is readily apparent to the court that the damages Plaintiff is seeking for alleged profits made at his expense are in excess of $75,000.  Moreover, as Defendants point out in opposition to the motion to remand, Plaintiff in his motion to remand does not even argue that he is seeking damages of less that $75,000.[1]  Accordingly, because complete diversity is present and the amount in controversy exceeds the $75,000 jurisdictional threshold, Plaintiff's Motion to Remand should be denied.[2]

_____

[1]Moreover, Plaintiff never contested removal to federal court in *Busch I*, which contained identical claims against GNC, Basic Organics and Hawk, causing the court to question his sincerity in filing the current motion to remand.

[2]Having determined that federal court jurisdiction is proper under 28 U.S.C. § 1332, the court need not reach Plaintiff's further argument that no federal question is present.

**Memorandum Opinion and Order – Page 6**

**B.      Motion to Dismiss by Defendants GNC, Basic Organics and Hawk**

Defendants GNC, Basic Organics and Hawk have moved to dismiss this case, arguing, among other things, that in *Busch I*, Plaintiff entered into binding and enforceable settlement agreements and received consideration on the *same* claims he now asserts against them in *Busch II*. Those settlement agreements resulted in this court dismissing with prejudice Busch's claims against them.[3]   Copies of the settlement agreements between Busch and Defendants were attached to Plaintiff's original petition in this case.   *See* Ex. C (Compromise and Settlement Agreement between Plaintiff, Basic Organics and GNC); Ex. D (Compromise and Settlement Agreement between Plaintiff and Hawk).   By way of the settlement agreements, Plaintiff released and waived his claims against GNC, Basic Organics and Hawk, waived any right to assert that the agreements were induced by fraud or any act of any Defendant, and agreed that the settlement agreements were irrevocable and could not be rescinded.

In opposition, Busch contends that Hawk, on behalf of GNC and Basic Organics, threatened the lives of Plaintiff and his family in order to get them to sign the settlement agreements in *Busch I*.   He engages in *ad hominem* attacks against Bart Sloan, counsel for Defendants, and against Defendant Hawk.   Plaintiff has submitted no evidence in support of his duress argument.[4]   To the

---

[3]Defendants Basic Organics and Hawk have alternatively moved to dismiss for lack of personal jurisdiction. Although the court would normally consider the issue of personal jurisdiction as a threshold matter given that Basic Organics and Hawk make their motion to dismiss "subject to and without waiving their challenges to personal jurisdiction," (Def. Mot. at 1 n.1), Basic Organics and Hawk also state in Defendants' Motion to Dimiss that the "Court need not address the personal jurisdiction point because this dispute has already been resolved by the settlement agreements" and that their argument that personal jurisdiction is lacking merely "provide[s] an additional basis for dismissing Basic Organics and Hawk." Def. Mot. to Dismiss at 4.  In light of these statements, the court determines that, at least insofar as Defendants' argument that Plaintiff's claims should be dismissed due to the prior settlement agreements in *Busch I*, Basic Organics and Hawk have waived any objections to personal jurisdiction.

[4]The court has reviewed the attachments to Plaintiff's response.  One is an e-mail from Hawk to Busch dated July 23, 2005.  Busch did not even file his state court petition in *Busch I* until September 20, 2005, approximately two months after the e-mail.  Having read the e-mail and Plaintiff's Response, the court is left clueless as to how this e-mail sent pre-suit could pertain to an allegation of duress in February 2006, when Busch signed the settlement agreements

**Memorandum Opinion and Order – Page 7**

extent Plaintiff intends that his response constitutes evidence, the court will not consider unsworn and speculative statements as evidence of anything.  Moreover, as Defendants point out in their reply brief, in the settlement agreements Plaintiff expressly waived any right to assert that the agreements were induced by fraud or any act of Defendant.  In addition, there is no evidence that Plaintiff ever rescinded the settlement agreements, or that he returned the consideration he received for the settlements.  Def. Reply at 2.

This court is all-too-familiar with *Busch I* and with the fact that Plaintiff in that case entered into settlement agreements with Defendants GNC, Basic Organics and Hawk, and thereafter informed the court that he wanted to dismiss all his claims against those defendants with prejudice because the parties (other than CBN and Robertson) had settled their dispute.[5]  Based on these settlement agreements, and on Plaintiff's motion, on February 22, 2006, the court dismissed with prejudice Plaintiff's claims against Hawk, on February 23, 2006 dismissed with prejudice Plaintiff's claims against GNC, and on February 27, 2006 dismissed with prejudice Plaintiff's claims against Basic Organics.  This lawsuit is simply Plaintiff's attempt to relitigate the same matters and claims against the same defendants as in *Busch I*.  This will not do.  Because of the settlement agreement and dismissals in *Busch I* (which Plaintiff attached to his state court petition in *Busch II*), Plaintiff has already resolved his claims against GNC, Basic Organics and Hawk related to this matter.

---

in *Busch I*.  The second e-mail attached by Plaintiff has no identified sender and no context whatsoever from which the court can infer that the e-mail has anything to do with this case.  Accordingly, the attachments to Plaintiff's response are not considered by the court to be documents which contain allegations that would establish a claim of duress.

[5]For example, in Plaintiff's Notice of Dismissal with Prejudice pertaining to Basic Organics, filed February 21, 2006, he agrees to dismiss Basic Organics from the lawsuit "with prejudice to the later refiling (in whole or in part) of the claims asserted by Plaintiff in this lawsuit[.]" (original emphasis).  Plaintiff filed nearly identical motions as to Defendants GNC and Hawk.

**Memorandum Opinion and Order – Page 8**

Accordingly, his claims against GNC, Basic Organics and Hawk should be dismissed under Fed. R.

Civ. P. 12(b)(6).[6]

### C.      Motion to Dismiss by Defendant The Vitamin Shoppe

Defendant The Vitamin Shoppe has moved to dismiss this case pursuant to Fed. R. Civ. P

12(b)(6) and 9(b).  Specifically, The Vitamin Shoppe contends that, although Plaintiff purports to

bring claims for civil conspiracy, fraud, misappropriation of image and unjust enrichment, he has

failed to satisfy even the most basic pleading requirements.[7]  Moreover, as to Plaintiff's civil

conspiracy and fraud claims, Defendant The Vitamin Shoppe contends that Plaintiff has failed to

plead with the requisite particularity required by Rule 9(b).  As stated by The Vitamin Shoppe:

> While Plaintiff devotes almost the entirety of his rambling and
> confusing twenty-page state court petition to venting his anger with
> everyone from Jon Stewart of the Daily Show to FOX Network CEO
> Rupert Murdoch, Plaintiff fails to allege, and cannot in good-faith
> allege, any facts explaining Vitamin Shoppe's connection to this
> dispute or any basis to hold it liable for any injury Plaintiff alleges.
> Indeed, after reading the Petition, Vitamin Shoppe has no more
> information about how it allegedly conspired against Plaintiff to
> commit fraud, unjust enrichment or misappropriation of Plaintiff's
> name or likeness than it did before Plaintiff filed this lawsuit.

Vitamin Shoppe's Mot. to Dismiss at 1-2.  Plaintiff has not filed a response to The Vitamin Shoppe's

Motion to Dismiss.

---

[6]Moreover, as Defendants correctly argue, any injuries of which Busch complains in *Busch II* pertaining to use of his image following his appearance on *The 700 Club*, including any injuries caused by the alleged conspiracy and fraud, were redressed by way of the prior settlements in *Busch I* where, in consideration of the settlements, he released and waived all the claims he seeks to assert in *Busch II*.  Accordingly, Plaintiff's claims in *Busch II* against GNC, Basic Organics and Hawk should be dismissed for lack of standing.

[7]Although Busch is appearing *pro se* in this lawsuit, his original petition in this case substantially mirrors the complaint he filed in *Busch I*, while he was represented by counsel.  Accordingly, although the court will still construe his pleadings liberally, the court is cognizant of this fact.

**Memorandum Opinion and Order – Page 9**

### 1.      Legal Standard for Dismissal under Rule 12(b)(6) and Rule 9(b)

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Stated another way, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff. *Lowrey*, 117 F.3d at 247. A court, however, is not to strain to find

Memorandum Opinion and Order – Page 10

inferences favorable to the plaintiff and is not to "accept conclusory allegations, unwarranted deductions or legal conclusions."  *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).  The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim.  *United States ex rel. Riley v. St. Lake's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

Rule 9(b) of the Federal Rules of Civil Procedure provides that:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Rule 9(b) requires "a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."  *Herrmann Holdings Ltd. v. Lucent Techs. Inc.,* 302 F.3d 552, 564-65 (5th Cir. 2002) (quotations omitted).  A dismissal for failure to satisfy the requirements of Rule 9(b) is a dismissal on the pleadings for failure to state a claim pursuant to Rule 12(b)(6).  *U.S. Ex. Rel. Russell v. Epic Healthcare Mgmt. Group,* 193 F.3d 304, 308 (5th Cir. 1999) (citing *Shushany v. Allwaste, Inc.* 922 F.2d 517, 520 (5th Cir. 1993)).

### 2.    Discussion

To reiterate, The Vitamin Shoppe has moved to dismiss Plaintiff's claims of fraud, unjust enrichment, misappropriation of image and civil conspiracy.  The court will address these claims in turn.

### a.      Fraud

Even viewing all allegations in the original petition as true, as the court must in considering a motion to dismiss for failure to state a claim, the court determines that Plaintiff has failed to allege a claim for fraud under Rule 9(b).  Reading through the twenty-page petition in which The Vitamin Shoppe is barely even  mentioned, the court can only hazard a guess as to Plaintiff's fraud allegations against The Vitamin Shoppe.  From what the court can discern, Plaintiff is complaining about The Vitamin Shoppe's role as the retailer of Pat's Diet Shake. Plaintiff does not allege that he had any contact with The Vitamin Shoppe.  Lumping The Vitamin Shoppe together with third parties Robertson and CBN, and co-Defendants GNC, Basic Organics and Hawk, Plaintiff's only contention that could be viewed as connecting The Vitamin Shoppe with any alleged fraud is his allegation that Robertson, GNC, Basic Organics, Hawk and The Vitamin Shoppe were preparing to commit fraud.  Plaintiff has failed to allege any fraudulent statements made by The Vitamin Shoppe, let alone the "who, what, where, when and how" allegations generally required in fraud cases.  *See Herrmann Holdings,* 302 F.3d at 564-65.  Plaintiff fails to identify any reliance on any alleged statements, or any injury to him caused by any such statement.  Moreover, because multiple parties are named, Plaintiff's attempt to lump The Vitamin Shoppe's alleged misconduct with the alleged misconduct of other Defendants and Robertson, without segregating The Vitamin Shoppe's alleged wrongdoing, does not meet the requirements of Rule 9.   *See Patel v. Holiday Hospitality Franchising, Inc.*, 172 F.Supp.2d 821, 825-25 (N.D. Tex. 2001) ("general allegations, which lump all defendants together failing to segregate the alleged wrongdoing of one from those of another do not meet the requirements of Rule 9(b).").  In short, because Plaintiff has failed to plead fraud with sufficient particularity, his claims of fraud against the Vitamin Shoppe should be dismissed.

### b.    Unjust Enrichment

An unjust enrichment claim is based on an implied contract to pay for benefits accepted and received. *See, e.g., Caton v. Leach Corp.*, 896 F.2d 939, 947 (5th Cir.1990) (Texas law) ("Under Texas law, the remedy of restitution is available through the theory of quantum meruit . . . The quantum meruit count is founded upon a theory of unjust enrichment[.] . . . The right to recover in quantum meruit is based upon a promise implied by law to pay for beneficial services rendered and knowingly accepted.") (citations omitted).   Plaintiff fails to allege that he had any dealings with The Vitamin Shoppe or that he conferred a benefit on it that would entitle him to any sort of quasi-contractual remedy.   Absent the conferral of a benefit on The Vitamin Shoppe, Plaintiff's claim of unjust enrichment should be dismissed for failure to state a claim.

### c.    Misappropriation of Image

To state a claim for invasion of privacy by misappropriation under Texas law, a plaintiff must satisfy three elements: (i) that the defendant appropriated the plaintiff's name or likeness for the value associated with it, and not in an incidental manner or for a newsworthy purpose; (ii) that the plaintiff can be identified from the publication; and (iii) that there was some advantage or benefit to the defendant. *Matthews v. Wozencraft*, 15 F.3d 432, 437 (5th Cir. 1994) (and cases cited therein).

Even viewing all allegations in the original petition as true, as the court must in considering a motion to dismiss for failure to state a claim, the court determines that Plaintiff has failed to state a claim for misappropriation of his image under Texas law.   Specifically, Plaintiff has failed to plead any facts establishing that The Vitamin Shoppe appropriated his name or likeness.   Moreover, Plaintiff fails to allege that The Vitamin Shoppe sought to misappropriate his image for any value associated with it.   Rather, the only alleged misuse of photographs alleged in the petition were by

CBN and/or Robertson, not The Vitamin Shoppe. Further, he does not even allege that he provided any photographs of himself to The Vitamin Shoppe. Accordingly, as Plaintiff has failed to satisfy an essential element of pleading a claim of misappropriation under Texas law, his claim of misappropriation against The Vitamin Shoppe should be dismissed.[8]

### d.      Civil Conspiracy

An actionable civil conspiracy is a combination of two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983). The essential elements are: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." *Id.*

Plaintiff's original petition does not allege facts which, if proved, would constitute a civil conspiracy against him. Plaintiff fails to allege a meeting of the minds to accomplish an unlawful purpose, or to accomplish a lawful purpose by unlawful means, to Plaintiff's detriment. Further, Plaintiff fails to specify any actions taken by The Vitamin Shoppe in furtherance of any conspiracy. Accordingly, Plaintiff's claims of civil conspiracy should be dismissed.[9]

---

[8]Although the court has determined that Plaintiff has failed to plead the essential elements of a misappropriation claim, the court also agrees with The Vitamin Shoppe that Plaintiff cannot state a claim for misappropriation because he consented to the use and publication of his "before" and "after" pictures. *See* Def. Mot. to Dismiss at 17 (and cases cited therein).

[9]While normally the court might consider *sua sponte* allowing amendment of pleadings, in this case Plaintiff has already had three "bites at the apple." In *Busch I*, while represented by counsel, Busch filed an original petition in state court and, after removal, was granted leave to file his First Amended Complaint. The court allowed the amendment even though Defendants in that case had already submitted dispositive motions that had been fully briefed. *See* Order (Dec. 7, 2005). In *Busch II*, Plaintiff filed a state court petition that is the mirror image of the petition and First Amended Complaint in *Busch I*. Under these circumstances, the court will not allow Plaintiff a fourth "bite at the apple" to amend his pleadings herein.

### D.      Defendant General Nutrition Corporation's Motion for Sanctions

Defendant GNC has filed a motion for sanctions.  On January 16, 2007, the court referred this motion to United States Magistrate Judge Irma C. Ramirez.  The motion has been fully briefed by the parties.  In the interests of judicial economy and to avoid duplication of effort, the court **vacates** the January 16, 2007 order of referral and takes up the motion for sanctions at this time.

GNC has established that it has complied with the pre-filing requirements under Fed. R. Civ. P. 11(c)(1)(A).  *See* Def. Mot. at 10; Aff. of Bart Sloan (Ex. E).  Arguing that Plaintiff's lawsuit is a "rehash" of *Busch I*, which was settled by the parties in February 2006, GNC contends that Plaintiff "could not have satisfied the requirements of Federal Rule of Civil Procedure 11(b) when he filed his complaint on November 14, 2006."  Mot. for Sanctions ¶ 2.  GNC further contends that "Plaintiff has waived and released all of the claims asserted in his complaint.  He had no good faith basis for bringing this lawsuit, which is an abuse of process and this Court's resources."  *Id.* ¶ 3. GNC argues that "Plaintiff's new lawsuit was filed solely to harass Defendants in the hope of renegotiating a good faith settlement and extracting additional consideration."  *Id.*  Defendant GNC seeks sanctions pursuant to Fed. R. Civ. P. 11, including an award of attorney's fees and expenses incurred defending against *Busch II*, as well as an admonishment from the court that Plaintiff cease any further violations of his settlement agreements in *Busch I* (including making references to GNC, Basic Organics and Hawk, or Pat's Diet Shake on his website, which he has done routinely).  *See* Ex. G to Def. Mot. for Sanctions; Def. Supp. App. to Mot. to Dismiss at 120).

Rule 11(b)  provides, in pertinent part, that:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

(1) it is not being presented for any improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]

(3) the allegations and other factual contentions have evidentiary support . . .[.]

Fed. R. Civ. P. 11(b)(1)-(b)(3). Each obligation must be satisfied; a violation of any of the three obligations will provide independent bases for sanctions. *See Whitehead v. Food Max of Mississippi, Inc.*, 332 F.3d 796, 803 (5th Cir.), *cert. denied sub nom. Minor v. Kmart Corp.*, 540 U.S. 1047 (2003); *see also Walker v. City of Bogalusa*, 168 F.3d 237, 241 (5th Cir. 1999).

Rule 11(c) provides that, "[i]f, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation." The trial court is given wide discretion in the imposition of sanctions. *Mercury Air Group, Inc. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001). Rule 11(c) requires notice and a reasonable opportunity to respond.

The court finds that Busch has been given notice and a reasonable opportunity to respond. *See* Decl. of Bart Sloan. First, GNC has complied with the pre-filing requirements under Fed. R. Civ. P. 11(c)(1)(A), under which Busch had twenty-one (21) days after receipt of Defendant's Motion for Sanctions to nonsuit this action, prior to Defendant filing the motion with the court; Busch failed to take any action. Additionally, on January 19, 2007, the magistrate judge allowed Busch until February 15, 2007 to file a written response to GNC's motion. Plaintiff's response, filed

**Memorandum Opinion and Order – Page 16**

February 15, 2006, says nothing about GNC's motion for sanctions, does not dispute the existence of the settlement agreements in *Busch I*, and makes no arguments pertaining to duress.

Having considered the history of Plaintiff's filings, including *Busch I* and *Busch II*,[10] having concluded that the allegations in *Busch II* are essentially the same as those in *Busch I*, and in light of the settlement agreements entered into by Busch with GNC, Basic Organics and Hawk in *Busch I* and the orders entered by this court in *Busch I* at Busch's behest, dismissing his claims against GNC, Basic Organics and Hawk with prejudice, the court determines that Busch skates ever so close to violating Rule 11 in filing this lawsuit and, indeed, that he may well have crossed the line.  Given that Plaintiff is appearing *pro se* in this lawsuit, however, and perhaps did not understand the nuances of Rule 11, and that Plaintiff is being given a strong admonition, the court will give him the benefit of the doubt *this one time* insofar as the imposition of attorney's fees; **however, Plaintiff is duly warned that a repeat of this conduct or any attempt to violate the settlement agreements entered into in *Busch I*, or the filing of any further lawsuits against any of the Defendants herein based on the allegations set forth in *Busch I* and *Busch II*, will result in monetary sanctions, and any additional sanctions the court determines are warranted at that time.**[11]  For

---

[10]On February 16, 2006, just prior to settling his claims against GNC, Basic Organics and Hawk in *Busch I*, Busch filed yet another lawsuit in Texas state court, this time against Viacom International Inc. and Jon Stewart, the anchor of *The Daily Show with Jon Stewart* ("*The Daily Show*"), a nightly news satire that airs on Comedy Central, claiming defamation and misappropriation of image after *The Daily Show* featured a brief replay of his appearance on Robertson's *The 700 Club*.  That action was removed to this court.  *See Phillip Busch v. Viacom International Inc., et al.*, 3:06-CV-493-(L).  On February 21, 2007, this court issued a memorandum opinion and order dismissing Busch's claims against Viacom International Inc. for failure to state a claim and dismissing Busch's claims against Jon Stewart for lack of personal jurisdiction.

[11]As part of its motion for sanctions, GNC has asked the court as an additional penalty for Plaintiff's abuse of process and harassment of GNC, to admonish Busch not to make any references to GNC, Basic Organics and Hawk, or Pat's Diet Shake on his website.  Given that other forms of redress are available to GNC should Busch engage in conduct that injures it, and given the expansiveness of the court's admonishment herein, the court declines to admonish Busch regarding the content of his website.

these reasons, GNC's Motion for Sanctions should be granted in part and denied in part as herein stated.

**III.    Conclusion**

For the reasons stated herein, the court **denies** Plaintiff's Motion to Remand; **grants** the Motion to Dismiss by Defendants General Nutrition Corporation, Basic Organics, Inc. and David Hawk; **grants** Defendant The Vitamin Shoppe's Motion to Dismiss Plaintiff's Original Complaint; and **denies in part and grants in part** Defendant General Nutrition Corporation's Motion for Sanctions as herein stated.  Having determined that Plaintiff Phillip Busch has failed to state a claim upon which relief may be granted, the court **dismisses** Plaintiff's claims against Defendants General Nutrition Corporation, Basic Organics, Inc., David Hawk, and The Vitamin Shoppe **with prejudice**. Judgment dismissing this case will issue by separate document as required by Fed. R. Civ. P. 58.

**It is so ordered** this 27th day of February, 2007.

Sam A. Lindsay
United States District Judge